UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ELOY ALONZO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:21-CV-155-TAV-HBG |
| | ) | 3:16-CR-134-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This action is before the Court on petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government filed a response [Doc. 9], and petitioner filed a reply [Doc. 10]. This motion is now ripe for resolution.

For the reasons discussed below, the Court finds petitioner's Fourth Amendment arguments and arguments regarding appellate counsel's alleged ineffectiveness are meritless and therefore will be denied; accordingly, because it plainly appears petitioner is not entitled to relief on these issues, the Court will not hold an evidentiary hearing on these issues.[2] However, petitioner's argument regarding whether counsel misstated petitioner's maximum sentencing exposure raises a factual dispute that requires an evidentiary hearing;

---

[1] Citations in this opinion refer to petitioner's civil case unless otherwise noted. *But see infra* note 3.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). Petitioners possess the ultimate burden to sustain their claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

therefore, the Court will refer that issue for a hearing and report and recommendation. Accordingly, petitioner's motion [Doc. 1] will be **DENIED in part** and **REFERRED in part**.

I. **Background**[3]

In or around 2014, petitioner owned three trailers at 324, 410, and 414 Mashburn Road and a barn in close proximity, and petitioner used these premises to sell methamphetamine [Doc. 110 pp. 10–14; Doc. 111 pp. 106, 139, 148, 215–16, 236–37]. After significant investigation, officers obtained a warrant to search the barn for evidence related to petitioner's suspected offenses [Doc. 111 pp. 138–39]. At the same time, law enforcement noted petitioner leaving the area and ultimately arrested him for providing false identification [*Id.* at 139–42].

Meanwhile, other officers obtained consent from petitioner's girlfriend Jamie Paul ("Paul") to search the trailer at 324 Mashburn Road [*Id.* at 166]. Paul represented that she owned and lived at the premises, and she and her children lived at the residence for two weeks [*Id.* at 216, 237, 257]. Officers entered the home and eventually searched a master bathroom, where the officers discovered contraband including methamphetamine and firearms [Doc. 110 pp. 51–53]. Officers also searched 410 Mashburn Road, where Paul indicated petitioner previously lived [Doc. 111 pp. 238–41].

---

[3] Citations in this Part refer to petitioner's criminal case unless otherwise noted.

Petitioner proceeded to trial, and officers and Paul testified [*See generally* Docs. 110, 111]. The jury convicted petitioner as to three counts of the indictment: (1) conspiracy to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); (2) possession with intent to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (3) possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Doc. 89; Doc. 125 p. 1]. Based on these convictions, the Court sentenced petitioner to an aggregate term of imprisonment of 322 months, that is, 26 years and 10 months [Doc. 125 p. 2]. Petitioner appealed his convictions and sentence, and the Sixth Circuit affirmed [*See generally* Doc. 134]. Petitioner has now filed the instant § 2255 motion [No. 3:21-CV-155-TAV-HBG Doc. 1].

**II.     Analysis**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[] . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

3

The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Particularly, the petitioner must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citation omitted). The Court notes that petitioner is acting pro se. "It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (alteration in original). Therefore, the Court will liberally construe petitioner's motion.

Petitioner's motion presents arguments that his trial and/or appellate counsel were ineffective, and these claims are cognizable under § 2255. *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). First, the petitioner must identify specific acts or omissions to prove that counsel's performance was deficient as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that

4

a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must establish "a reasonable probability that, but for [counsel's deficient acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland*], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc).

In the instant motion, petitioner presents three arguments that counsel was ineffective. First, petitioner alleges counsel was ineffective for not challenging the searches of 324 and 410 Mashburn Road [Doc. 4 pp. 4–6, 8–9].[4] Second, petitioner challenges appellate counsel's alleged failure to communicate with petitioner [*Id.* at 6–8]. Finally, petitioner argues trial counsel incorrectly informed him of the maximum sentencing exposure for his offenses and that this misinformation caused petitioner to

---

[4] The government appears to interpret petitioner's Fourth Amendment arguments as direct Fourth Amendment claims and therefore argues that petitioner's Fourth Amendment claims are procedurally defaulted and, alternatively, meritless [*See* Doc. 9 pp. 10–12]. However, while perhaps unartfully phrased, petitioner sufficiently makes clear that these arguments are in fact based on ineffective assistance of counsel [*See* Doc. 4 pp. 8–9; *see also* Doc. 1 p. 4]. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) ("It is . . . well-settled that '[t]he allegations of a pro se habeas petition . . . are entitled to a liberal construction . . . .'" (alteration in original)).

5

disregard plea options and proceed to trial [*Id.* at 3–4, 9; *see* Doc. 3 p. 1]. The Court addresses these arguments in turn.

### A. Counsel's Failure to Challenge the Searches of Petitioner's Homes

Petitioner makes three arguments that counsel improperly failed to challenge the warrantless searches of his homes [Doc. 4 pp. 4–6, 8–9]. First petitioner argues officers should have sought a search warrant of 324 and 410 Mashburn Road at the same time the officers obtained a search warrant of his barn [*Id.* at 4]. Second, petitioner argues the officers should have obtained direct consent from petitioner to search 324 and 410 Mashburn Road rather than Paul—despite that petitioner was in custody at the time of the search—because he was the owner of the properties [*Id.* at 4–5]. Third, petitioner argues the consent received from Paul to search 324 Mashburn Road was insufficient for the officers to search the master bathroom where officers located the contraband because Paul had no authority to consent to the search of the master bathroom because Paul informed the officers that neither she nor her children ever used that bathroom [*Id.* at 5–6].

The Court finds that none of petitioner's arguments establish that counsel was ineffective for failing to challenge the warrantless searches of petitioner's homes. First, the Court finds petitioner has not demonstrated prejudice as a result of counsel failing to argue that officers should have obtained a warrant to search his homes when they obtained a warrant to search his barn. Generally, the Fourth Amendment prohibits the warrantless search of a person's home. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). But it is well-settled that consent, whether by a person with actual or apparent authority, is an

6

exception to the warrant requirement. *Peterson v. Smith*, 510 F. App'x 356, 364–65 (6th Cir. 2013) (citing *Rodriguez*, 497 U.S. at 185–86, 88) (stating that whether apparent authority exists depends on whether the searching officer could reasonably believe the consenting person had authority over the premises). Thus, the officers were not required to retain a warrant before searching petitioner's homes because the officers relied on the consent exception. Consequently, there is no reasonable probability that counsel making this argument would have changed the outcome.

Second, the Court finds petitioner has not demonstrated prejudice as a result of counsel failing to argue that the officers should have obtained direct consent from petitioner. Initially, petitioner cites *Georgia v. Randolph* for the proposition that when "a potential defendant with self interest in objecting to the search is present and actually objects, then a third party's permission does not suffice . . . ." *United States v. Ayoub*, 498 F.3d 532, 537 (6th Cir. 2007) (citing *Georgia v. Randolph*, 547 U.S. 103, 121 (2006)). From there, petitioner argues that while he was not present during the searches, the fact that he was detained during the searches "suffices for being present" and he would have objected to the searches had he not been detained [Doc. 4 p. 5].

However, the Supreme Court has made clear that "an occupant who is absent due to a lawful detention or arrest stands in the same shoes as an occupant who is absent for any other reason." *Fernandez v. California*, 571 U.S. 292, 303 (2014). That is, so long as officers do not remove a defendant from the place to be searched to prevent the defendant from objecting, the fact that the defendant was incarcerated at the time of the search (and

7

therefore not present to object) is of no consequence. *Id.* at 302–03. Petitioner does not even suggest the officers detained him to prevent him from objecting; in fact, when officers arrested petitioner, he was not even at either home [No. 3:16-CR-134-TAV-HBG-1 Doc. 111 pp. 139–42].

Petitioner further avers the officers needed his consent because petitioner owned the homes [Doc. 4 pp. 4–5]. But even persons who do not own or even live at a home can sometimes consent to a search of it. *See Ayoub*, 498 F.3d at 537–41. *See generally*, *Fernandez*, 571 U.S. 292; *Rodriguez*, 497 U.S. 177. Indeed, the Supreme Court in *Randolph* stated that "it would be unjustifiably impractical to require the police to take affirmative steps to confirm the actual authority of a consenting individual whose authority was apparent," making clear that even persons who are not homeowners may consent to the search of a home in certain circumstances. *Randolph*, 547 U.S. at 121–22. And as discussed below, the Court finds Paul's consent was effective. Accordingly, there is no reasonable probability that counsel making this argument would have changed the outcome.

Finally, the Court finds petitioner has not demonstrated prejudice as a result of counsel failing to argue that Paul's consent to search 324 Mashburn Road was ineffective. As suggested, consent of a third party is effective so long as the third party has actual or apparent authority to consent. *Peterson*, 510 F. App'x at 364–65. Apparent authority exists so long as officers "'reasonably . . . believe that the person who has consented' to

8

Case 3:21-cv-00155-TAV-HBG   Document 12   Filed 12/08/21   Page 8 of 15   PageID #: 64

the search had the authority to do so," considering all the facts available. *United States v. Tatman*, 397 F. App'x 152, 167 (6th Cir. 2010) (citation omitted).

The Court finds the officers could have reasonably believed Paul had authority to consent to the search. Indeed, Paul and her children were living in the home for about two weeks when the officers obtained consent to search the home, and Paul informed the officers that she owned and lived at the residence [No. 3:16-CR-134-TAV-HBG-1 Doc. 111 pp. 216, 237]. From these facts, the officers could have reasonably believed Paul had authority to search the premises, especially considering petitioner cites no other facts weighing against Paul's ability to consent. *See United States v. Clay*, 1 F. Supp. 3d 688, 693–96 (E.D. Ky. 2014) (finding a girlfriend had authority to consent to a search of a premises in part because she lived there, even when her name was not on the lease).

It is true that petitioner argues that even if Paul had general authority to consent to a search of the home, she could not consent to a search of the master bathroom because Paul had no "common authority" over the master bathroom given that she informed the officers that neither she nor her children used the master bathroom [Doc. 4 pp. 5–6]. However, petitioner cites no evidence to support this assertion. In fact, the record contradicts petitioner's argument by suggesting Paul informed law enforcement that neither she nor her children used the bathroom only after officers already searched the bathroom and found the contraband [*See* No. 3:16-CR-134-TAV-HBG-1 Doc. 111 pp. 167–79, 218–20, 245]. *See United States v. Cowart*, No. 1:08-CR-10119, 2009 WL

9

1588647, at *7 (W.D. Tenn. June 5, 2009).[5] Accordingly, the Court finds that there is no reasonable probability that counsel arguing Paul's consent was invalid would have changed the outcome.[6]

For these reasons, the Court finds that petitioner has failed to establish prejudice as to his Fourth Amendment arguments. Because the Court finds no prejudice, the Court will not address whether counsel's performance was deficient as to these arguments.

### B. Appellate Counsel's Alleged Failure to Communicate with Petitioner

Next, petitioner argues that despite that petitioner attempted to communicate with appellate counsel, appellate counsel never responded to petitioner or otherwise sought to communicate with petitioner [Doc. 4 p. 7]. Thus, petitioner concludes appellate counsel was ineffective for failure to communicate because "[i]f counsel did speak with [petitioner], counsel might have argued issues with the case. . . . Who knows what other issues are present that would have been identified with an exchange of dialog" [*Id.* at 8].

---

[5] Presumably, petitioner's argument is based on the trial transcript where officer Brendan de Boer testified that Paul stated that "no one was allowed to look in . . . or go in" paint cans that petitioner utilized to store and transport methamphetamine [No. 3:16-CR-134-TAV-HBG-1 Doc. 111 pp. 168–69]. But nothing in this statement or otherwise in the record indicates that Paul informed officers she was not allowed to enter the bathroom until after the officers had already done so.

[6] Petitioner also argues counsel erroneously believed that law enforcement had a warrant to search his residences and that this caused counsel not to file a motion to suppress [Doc. 4 pp. 4, 10–11; Doc. 10 p. 1]. The Court rejects this argument for two reasons. First, petitioner's own exhibit, which seemingly provides the basis for this argument, does not support that counsel had this erroneous belief, and therefore, petitioner has failed to demonstrate either deficient performance or prejudice. Second, even if counsel actually had this erroneous belief, petitioner does not explain how this alleged deficiency caused him prejudice, especially considering that the Court in this opinion finds petitioner has not established prejudice on the merits of several Fourth Amendment arguments.

10

Appellate counsel need not "raise every non-frivolous issue" requested by an appellant on appeal. *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). Rather, to establish ineffective assistance as to appellate counsel, "the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 289 (2002)). Thus, "[c]ounsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Valentine v. United States*, 488 F.3d 325, 338 (6th Cir. 2007) (citation omitted).

The Court finds that petitioner has not established prejudice as to appellate counsel's alleged failure to communicate. As noted, petitioner's sole argument is that appellate counsel did not communicate with him and that, had petitioner and appellate counsel communicated, appellate counsel "might have" presented other issues [Doc. 4 p. 8]. However, petitioner has not identified any particular argument that appellate counsel should have raised, and even more, petitioner has not attempted to explain how any such argument was "clearly stronger" than the arguments presented or that "there is a reasonable probability that inclusion of [such an argument] would have changed the result of the appeal." *See Valentine*, 488 F.3d at 338; *Caver*, 349 F.3d at 348.

Accordingly, the Court finds that petitioner has failed to establish prejudice as to this argument. Because the Court finds no prejudice, the Court will not address whether counsel's performance was deficient.

11

### C. Counsel's Alleged Misguidance Regarding Petitioner's Sentencing Exposure

Finally, petitioner argues counsel failed to properly inform him of his maximum sentencing exposure [Doc. 4 pp. 3–4, 9]. Specifically, petitioner asserts counsel informed petitioner during plea discussions that counsel "would try to secure a plea for 18 years but [that petitioner] could receive no more than 21 years" [*Id.* at 3]. Petitioner avers that counsel caused petitioner to believe the maximum sentence he could receive was up to 21 years of imprisonment even if he went to trial [*Id.* at 3–4, 9]. Petitioner explains that if counsel had properly informed him as to his sentencing exposure, he would have entered a plea agreement rather than proceeding to trial and ultimately being sentenced to a term of 26 years and 10 months of imprisonment, well over counsel's alleged 21-year-maximum-sentence suggestion [*Id.* at 4, 9]. The government concedes that petitioner's assertion creates a possible factual dispute such that an evidentiary hearing may be appropriate [Doc. 9 p. 14].

The Court finds an evidentiary hearing is necessary to resolve this issue. An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b). In light of the possible factual dispute petitioner's motion presents—and which the record does not address—the record does not conclusively show that petitioner is not entitled to relief. *See id.* The Sixth Circuit has specifically stated that "where there is a question of whether counsel properly counseled a defendant regarding a plea offer in a § 2255 motion, the court should hold an evidentiary hearing to develop a record on these factual issues."

*Dobson v. United States*, Nos. 1:12-CR-42-CLC-SKL-1, 1:16-CV-355-CLC, 2018 WL 3973407, at *5 n.3 (E.D. Tenn. Aug. 20, 2018) (quoting *Smith v. United States*, 348 F.3d 545, 554 (6th Cir. 2003); *see also Smith*, 348 F.3d at 553 ("A criminal defendant has a right to expect at least that his attorney will review the charges . . . and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. . . . The failure of defense counsel to 'provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance.'" (citation omitted)). In this case, attorney James Varner represented petitioner; at the hearing, the parties may call Mr. Varner to testify, and his testimony may or may not create a factual dispute.

Accordingly, having reviewed the record and the relevant case law, the Court finds petitioner is entitled to an **EVIDENTIARY HEARING** pursuant to Rule 8 of Rules Governing Section 2255 Proceedings limited solely to the issue of whether counsel, in fact, improperly misinformed petitioner as to petitioner's sentencing exposure. The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the Rules Governing Section 2255 Proceedings. Petitioner will be appointed counsel to represent him solely as to this issue. However, as noted, in all other respects, either express or limited, petitioner's § 2255 motion fails.

Accordingly, the Court will **REFER** this matter to the Honorable H. Bruce Guyton, United States Magistrate Judge, for an evidentiary hearing to determine whether counsel

13

misinformed petitioner as to his sentencing exposure, and if so, whether such justifies granting petitioner's request for § 2255 relief.

## III. Conclusion

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [Doc. 1] is hereby **DENIED in part** and **REFERRED in part**. The Court hereby **DENIES** petitioner relief with respect to petitioner's Fourth Amendment arguments and arguments regarding appellate counsel's ineffectiveness. However, petitioner's motion is hereby **REFERRED** as stated herein with respect to petitioner's argument that counsel misinformed petitioner as to his maximum sentencing exposure. Magistrate Judge Guyton shall **APPOINT** counsel to represent petitioner. Further, in his report and recommendation, the magistrate judge shall include a recommendation regarding a certificate of appealability on the remaining issue raised in the § 2255 motion.

As to petitioner's Fourth Amendment arguments and arguments regarding appellate counsel's ineffectiveness, the **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, as to these issues, the Court **DENIES** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Any appeal from this order as to these issues will be treated as an application for a certificate of appealability, which is hereby **DENIED** because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not

14

dispute the above conclusions.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE

15

Case 3:21-cv-00155-TAV-HBG   Document 12   Filed 12/08/21   Page 15 of 15   PageID #: 71